UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH ROBERTSTON | NO.: 17-00001-BAJ-RLB |

### RULING AND ORDER

Defendant Kenneth Robertson asks the Court to release him pending sentencing. (Doc. 328). On July 19, 2018, the Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and 18 U.S.C § 2. (Doc. 316 at p. 1). He faces up to 20 years imprisonment. *Id.* at p. 3. At the plea hearing, Defendant asked to be released pending sentencing, and the Government opposed this request. The Court ordered the Defendant detained pending sentencing, but invited the Defendant to file a written motion to be released.

Where, as here, a defendant is convicted of an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. 18 U.S.C. § 3143(a)(2), Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Once detained under § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added). The Fifth Circuit has not provided guidance on what constitutes "exceptional reasons" under § 3145(c). Other courts, though, have defined exceptional. For example, the United States Court of Appeals for the Second Circuit has defined "exceptional reasons" as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

Here, Defendant argues that "exceptional reasons" exist to release him pending sentencing because he has steady employment at a steel plant, he has only "run afoul of the law twice and in both instances there was no imposition of detention," the crime he pleaded guilty to is aberrant behavior, and he was a low level member of the drug conspiracy charged in the indictment. (Doc. 328 at p. 3). The Court concludes, however, that Defendant's employment obligations and criminal record do not constitute "exceptional reasons" to warrant release pending sentencing. Indeed, other courts have rejected similar circumstances. *United States v. Larue*, 478 F.3d 924, 925–26 (8th Cir 2007) (finding compliance with terms of pretrial release, lack of a criminal record, and ongoing employment are commendable not exceptional);

*United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) (nothing exceptional about going to school, being employed, or being a first-time offender, either individually or in combination). The Court therefore denies Defendant's request to be released pending sentencing.

Accordingly,

The **Motion to Vacate Detention (Doc. 328)** is **DENIED**.

Baton Rouge, Louisiana, this 17th day of August, 2018.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**